Prob 12C
(Rev. 1/06 D/HI)

**ORIGINAL**

**SEALED BY ORDER OF THE COURT**

United States District Court

for the

**DISTRICT OF HAWAII**

U.S.A. vs. <u>MONA HIIACA HUIHUI, aka "Jiaca"</u>     Docket No. <u>CR 00-00184HG-08</u>

**REQUEST FOR COURSE OF ACTION**
(Statement of Alleged Violations of Supervised Release)

    COMES NOW FRANK M. CONDELLO, II, PROBATION OFFICER OF THE COURT, presenting an official report upon the conduct and attitude of MONA HIIACA HUIHUI, who was placed on supervision by the Honorable Helen Gillmor, sitting in the Court at Honolulu, Hawaii, on the 29th day of October 2001, who fixed the period of supervision at five (5) years and imposed the general terms and conditions theretofore adopted by the Court and also imposed special conditions and terms as follows:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of release. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

    On 11/2/2003, the Court modified the conditions of supervision for the subject's association with convicted felon Calvin Militante. The following special condition was imposed:

4. That the defendant be placed on home confinement with electronic monitoring for a period up to 3 months. During this time, the defendant shall remain at her place of residence during non-working hours and shall not leave her residence without the approval of the Probation Office. The defendant shall wear an electronic monitoring device and follow electronic monitoring procedures pursuant to the Participant's Agreement and shall earn leave as determined by the Probation Office.

    On 2/9/2005, the Court revoked supervised release for the following violations: 1) The subject failed to follow the instructions of the Probation Officer issued on 10/19/2004; 2) That on or about 11/30/2004, the subject failed to notify the Probation Office 10 days prior to a change in residence;



Case 1:00-cr-00184-HG   Document 783   Filed 11/20/2006   Page 2 of 10

Prob 12C
(Rev. 1/06 D/HI)

2
3) That on 1/19/2005, the subject submitted a urine specimen that was confirmed positive for marijuana; and 4) The subject failed to truthfully answer the Probation Officer's inquiries on 1/19/2005. The subject was sentenced to six (6) months imprisonment. This was to be followed by fifty-four (54) months supervised release. The following special conditions were imposed:

1. That the defendant participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.

2. That the defendant provide the Probation Office access to any requested financial information.

3. That the defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

On 8/25/2006, the Court modified the conditions of supervised release as follows, due to the subject refusing to comply with drug testing on 10/16/2005, 4/7/2006, and 7/19/2006:

General Condition: That the defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of the commencement of supervision and at least two drug tests thereafter but no more than eight valid drug tests per month during the term of supervision.

Special Condition No. 1: That the defendant shall participate and comply with substance abuse treatment which includes drug and alcohol testing. The defendant is to refrain from the possession and/or use of alcohol while participating in substance abuse treatment.

**RESPECTFULLY PRESENTING PETITION FOR ACTION OF COURT FOR CAUSE AS FOLLOWS:**

Alleged Violation(s) of Supervised Release

That the subject has violated the conditions of her supervised release (Probation Form 7A attached) as follows:

1. The subject's urine specimen of 11/1/2006 tested positive for methamphetamine, in violation of Standard Condition No. 7 and the General Condition.

2. The subject refused to comply with drug testing on 10/16/2005, 4/7/2006, and 7/19/2006, in violation of Special Condition No. 1.

3. The subject associated with Duane Souza, a convicted felon, in violation of Standard Condition No. 9.

4. The subject failed to follow the instructions of the Probation Officer when she associated with Duane Souza, a convicted felon, after 11/1/2006, in violation of Standard Condition No. 3.

5. The subject failed to submit a monthly supervision report for the months of August 2006, September 2006, and October 2006, in violation of Standard Condition No. 2.

Based on the above, the U.S. Probation Officer recommends that a NO BAIL Warrant be issued and that the subject be brought before the Court to show cause why supervision should not be revoked.

---

PRAYING THAT THE COURT WILL ORDER ONE OF THE FOLLOWING COURSES OF ACTION:

[X] The issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

[ ] Other

I declare under penalty of perjury that the foregoing is true and correct

Executed on 11/16/2006

_____
FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

Prob 12C
(Rev. 1/06 D/HI)

4

## ORDER OF COURT

THE COURT ORDERS the issuance of a NO BAIL warrant and that the subject be brought before the Court to show cause why supervision should not be revoked. The NO BAIL warrant and this Petition to be sealed for other than law enforcement purposes and until such time that the subject has been arrested and the warrant duly executed.

Considered and ordered this 16th day of November, 2006, and ordered filed and made a part of the records in the above case.

_____
HELEN GILLMOR
Chief U.S. District Court Judge

Re:   HUIHUI, Mona Hiiaca, aka "Jiaca"
      Criminal No. CR 00-00184HG-08
      REVOCATION OF SUPERVISED RELEASE

## STATEMENT OF FACTS

The subject pled guilty to Count 1: Conspiracy to Distribute and Possess With Intent to Distribute Heroin, Crystal Methamphetamine, Cocaine, and Marijuana, a Class C felony; Counts 9, 10, and 14: Use of a Telephone to Facilitate a Conspiracy to Distribute Cocaine, Heroin, Crystal Methamphetamine, and Marijuana, Class E felonies; and Count 16: Aid and Abet the Possession With Intent to Distribute in Excess of 50 Grams of Crystal Methamphetamine, a Class A felony. She was sentenced by Your Honor on 10/29/2001 to forty-one (41) months imprisonment with five (5) years supervised release to follow as to each of Counts 1 and 16; and one (1) year as to each of Counts 9, 10, and 14, all such terms to run concurrently. The subject began her first supervised release term on 4/24/2003.

On 2/9/2005, the subject's supervised release was revoked and Your Honor sentenced her to six (6) months imprisonment to be followed by fifty-four (54) months of supervised release. The subject began her second supervised release term on 8/5/2005. The special conditions are noted on page 2 of the petition.

**Violation No. 1 - Urine Specimen of 11/1/2006 Tested Positive for Methamphetamine**: On 11/1/2006, this officer conducted an unannounced home inspection at the subject's residence accompanied by U.S. Probation Officer (USPO) Merilee Lau. The subject was instructed to provide a urine specimen to USPO Lau, which was tested with a non-instrumented drug testing device (NIDTD) and found to be positive for methamphetamine. Initially, the subject denied any illicit drug use. The subject later admitted on 11/7/2006 that she had lied to this officer and had used methamphetamine with a cousin approximately five (5) days prior to the test on 11/1/2006. The subject also stated that she denied using methamphetamine because she believed the test would be confirmed negative due to the length of time between her use and the test. The subject was verbally admonished for lying to this officer about her drug use. Our office later received confirmation from a laboratory that the urine specimen taken on 11/1/2006 was positive for methamphetamine.

**Violation No. 2 - Refusing to Comply With Drug Testing on 10/16/2005, 4/7/2006, and 7/19/2006**: On 8/24/2006, Your Honor was informed that the subject refused to comply with drug testing. Specifically, our office was informed by Freedom Recovery Services (FRS) that on 10/16/2005, 4/7/2006, and 7/19/2006, the subject failed to submit a urine specimen for testing. As the subject was oriented to the requirements of the drug testing program, she is charged with refusal to comply with drug testing. With regard to the 10/16/2005 drug test, the subject admitted that she was not calling FRS on weekends because she did not think there would be weekend drug testing. The subject was admonished and instructed to call FRS daily in the future. With regard to the 4/7/2006 drug test, the subject admitted that she simply forgot to call FRS for testing instructions. With regard to the 7/19/2006 drug test, the subject

Re:   HUIHUI, Mona Hiiaca, aka "Jiaca"
      Criminal No. CR 00-00184HG-08
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 2

admitted that she missed drug testing due to a camping trip with family. The subject was admonished on both occasions and counseled to be more responsible.

Our office recommended that the Court modify the mandatory drug testing condition (General Condition) to allow for further drug testing consistent with the Ninth Circuit ruling in U.S. vs. Stephens. We also requested that Special Condition No. 1 be revised to include updated language. Your Honor concurred with these recommendations on 8/25/2006.

**Violation Nos. 3 and 4 - Associated With Duane Souza, a Convicted Felon; and Failed to Follow the Instructions of the Probation Officer**: On 11/1/2006, our office learned that the subject had been associating with Duane Souza, a convicted felon. Mr. Souza is currently on supervised release with our office for Bank Robbery. Mr. Souza admitted to Senior USPO Fituina Tua on 11/1/2006 that he was involved in an intimate relationship with the subject and had been living at her home for approximately one (1) month due to being homeless. As reported in Violation No. 1, this officer and USPO Lau conducted an unannounced home inspection of the subject's residence on 11/1/2006. The subject was confronted with the alleged association with Mr. Souza. The subject denied being in an intimate relationship with Mr. Souza and also denied that he had been living with her for approximately one (1) month. She did admit that Mr. Souza had performed some concrete work at her home on at least one (1) occasion but denied any other contact. The subject was instructed by this officer to have no further contact with Mr. Souza.

On 11/6/2006, the subject contacted this officer by telephone. She admitted that she had lied to this officer on 11/1/2006 and had downplayed the relationship she had with Mr. Souza. The subject stated that she loved Mr. Souza and wanted to continue associating with him. On 11/7/2006, the subject reported to the Probation Office with Mr. Souza. She admitted that she continued to have contact with Mr. Souza after being instructed not to on 11/1/2006. She also admitted being in an intimate relationship with Mr. Souza for three (3) to four (4) months. The subject explained that she lied because she was afraid and because she had been previously been revoked for associating with convicted felon Calvin Militante.

**Violation No. 5 - Failed to Submit a Monthly Supervision Report for the Months of August 2006, September 2006, and October 2006**: The subject is required to submit a monthly supervision report within the first five (5) days of each month. The subject failed to submit monthly supervision reports for the months of August 2006, September 2006, and October 2006. On 9/28/2006, the undersigned instructed the subject to send in her monthly supervision reports for August and September 2006. The subject failed to do so and has now failed to send in the report due for October 2006.

Re: HUIHUI, Mona Hiiaca, aka "Jiaca"
Criminal No. CR 00-00184HG-08
REVOCATION OF SUPERVISED RELEASE
STATEMENT OF FACTS - Page 3

As the Court may recall, our office had significant difficulty with the subject during her previous supervised release term. At that time, the subject was associating with Calvin Militante and was deceptive on a number of occasions about the relationship. She has now involved herself in another relationship with a convicted felon on federal supervised release. She managed to keep this relationship from our office for three (3) to four (4) months, as well as allowing Mr. Souza to secretly reside at her residence knowing that our office conducts random unannounced home inspections. Additionally, the subject has now been found to be using methamphetamine. Based on the above, we respectfully recommend that the Court issue a no bail warrant for her appearance to show cause why supervised release should not be revoked.

Respectfully submitted by,

_____
FRANK M. CONDELLO, II
U.S. Probation Officer

Approved by:

_____
TIMOTHY M. JENKINS
Supervising U.S. Probation Officer

FMC/dck

Re:   HUIHUI, Mona Hiiaca, aka "Jiaca"
      Criminal No. CR 00-00184HG-08
      REVOCATION OF SUPERVISED RELEASE
      STATEMENT OF FACTS - Page 4

**NOTICE OF ADDITIONAL CONDITION(S) OF SUPERVISION THAT MAY WARRANT CONSIDERATION**

None.

PROB 7A
(Rev. 9/00; D/HI 7/02)

## Conditions of Probation and Supervised Release

# UNITED STATES DISTRICT COURT

## FOR THE

## DISTRICT OF HAWAII

To: MONA HIIACA HUIHUI, aka "Jiaca"
Address: 464 Judd Street
Honolulu, Hawaii 96817

Docket No. CR 00-00184HG-08

Under the terms of this sentence, the defendant has been placed on supervised release by the Honorable Helen Gillmor, U.S. District Judge for the District of Hawaii. The defendant's term of supervision is for a period of 54 months commencing 8/5/2005.

While on supervised release, the defendant shall not commit another federal, state, or local crime. The defendant shall not illegally possess a controlled substance.

If the judgment imposed a fine or a restitution obligation, it shall be a condition of supervised release that the defendant pay any such fine or restitution that remains unpaid at the commencement of the term of supervision in accordance with any Schedule of Payments set forth in the Criminal Monetary Penalties sheet of the judgment. In any case, the defendant should cooperate with the probation officer in meeting any financial obligations.

The defendant shall report in person to the probation office in the district to which the defendant is released within 72 hours of release from the custody of the Bureau of Prisons (supervised release cases only).

[X] The defendant shall not possess a firearm, destructive device, or any other dangerous weapon.

**For offenses committed on or after September 13, 1994:**

The defendant shall refrain from any unlawful use of a controlled substance. The defendant shall submit to one drug test within 15 days of release from imprisonment or placement on probation and at least two periodic drug tests thereafter.

[ ] The above drug testing condition is suspended based on the court's determination that the defendant poses a low risk of future substance abuse.

**It is the order of the Court that the defendant shall comply with the following standard conditions:**

(1) The defendant shall not leave the judicial district without the permission of the court or probation officer;

(2) The defendant shall report to the probation officer and shall submit a truthful and complete written report within the first five days of each month;

(3) The defendant shall answer truthfully all inquiries by the probation officer and follow the instructions of the probation officer;

(4)  The defendant shall support his or her dependents and meet other family responsibilities;

(5)  The defendant shall work regularly at a lawful occupation unless excused by the probation officer for schooling, training or other acceptable reasons;

(6)  The defendant shall notify the probation officer at least ten days prior to any change in residence or employment;

(7)  The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substance, except as prescribed by a physician;

(8)  The defendant shall not frequent places where controlled substances are illegally sold, used, distributed, or administered;

(9)  The defendant shall not associate with any persons engaged in criminal activity, and shall not associate with any person convicted of a felony unless granted permission to do so by the probation officer;

(10) The defendant shall permit a probation officer to visit him or her at any time at home or elsewhere and shall permit confiscation of any contraband observed in plain view of the probation officer;

(11) The defendant shall notify the probation officer within seventy-two hours of being arrested or questioned by a law enforcement officer;

(12) The defendant shall not enter into any agreement to act as an informer or a special agent of a law enforcement agency without the permission of the court;

(13) As directed by the probation officer, the defendant shall notify third parties of risks that may be occasioned by the defendant's criminal record or personal history or characteristics, and shall permit the probation officer to make such notifications and to confirm the defendant's compliance with such notification requirement.

**The special conditions ordered by the Court are as follows:**
(1) The defendant shall participate in a substance abuse program, which may include drug testing at the discretion and direction of the Probation Office.
(2) The defendant shall provide the Probation Office access to any requested financial information.
(3) The defendant shall submit her person, residence, place of employment, or vehicle to a search conducted by the U.S. Probation Office at a reasonable time and in a reasonable manner, based upon reasonable suspicion of contraband or evidence of a violation of a condition of supervision. Failure to submit to a search may be grounds for revocation. The defendant shall warn any other resident that the premises may be subject to search pursuant to this condition.

Upon a finding of a violation of probation or supervised release, I understand that the court may (1) revoke supervision, (2) extend the term of supervision, and/or (3) modify the conditions of supervision.

These conditions have been read to me. I fully understand the conditions and have been provided a copy of them.

(Signed) X _____    X 8/8/05
MONA HIIACA HUIHUI, aka "Jiaca", Defendant       Date

_____    8/8/05
FRANK M. CONDELLO, II            Date
U.S. Probation Officer